# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

SCOTT DEWIND, *et al.*,

    Plaintiffs,

v.

JP MORGAN CHASE & CO., *et al.*,
    Defendants.

: CIVIL ACTION NO.
: 1:11-CV-3326-RWS

## **ORDER**

This case comes before the Court on Defendants' Motion to Dismiss [8], Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction [15], Defendants' Motion to Stay Discovery [17], and the Parties' Joint Motion for a Hearing on All Pending Motions [24]. After a review of the record, the Court enters the following order.

As an initial matter, the Court finds that the briefing is sufficient in this matter and declines a hearing. Therefore, the Parties' Motion for a Hearing [24] is **DENIED**.

Relevant to this motion, the Plaintiffs are beneficiaries of the Jane Brooks Holbrook Trust, which was established in 1967. Am. Cmpl., Dkt. No. [9] at ¶ 8. Since its existence, the trust has been managed by the Defendants (except for Janes LLC and Janes Corporation) as trustees in Milwaukee, Wisconsin. Id. at ¶ 10; Callan Aff., Dkt. No. [8-2] at ¶ 20. The assets of the trust "consist almost entirely of membership interests in Janes LLC" which is a Delaware limited liability company. Am. Cmpl., Dkt. No. [9] at ¶ 5; Callan Aff., Dkt. No. [8-2] at ¶ 17. And the trust instrument has a Wisconsin choice-of-law clause. Dkt. No. [9-1] at art. XIV.

Plaintiffs originally filed this action in the Superior Court of Fulton County, Georgia solely seeking an accounting of the trust. Cmpl., Dkt. No. [1] at 7. Before the Defendants could answer, the Plaintiffs amended their complaint, for the first time asserting claims of legal malpractice, breach of fiduciary duty, negligent misrepresentation, negligence, fraudulent misrepresentation, conversion, breach of contract, breach of the Wisconsin Uniform Prudent Investor Act, breach of the California Uniform Prudent Investor Act and Probate Code, breach of the Colorado Uniform Prudent Investor Act, breach of the Georgia Prudent Investor Rule, federal RICO,

Georgia RICO, Florida RICO, California RICO, and Colorado "RICO." See Am. Cmpl., Dkt. No. [9]. Additionally, Plaintiffs seek an injunction to enjoin the Defendants from removing assets from the corpus and request that new trustees be appointed in the Defendants' stead. Id. In response to this lawsuit, the Defendants filed an accounting action in Wisconsin State Court regarding the trust.

The Defendants have now moved to dismiss this suit for lack of subject matter jurisdiction, personal jurisdiction, and improper service. Namely, Defendants argue that the this action is *quasi in rem* and, because the trust assets are not physically within Georgia, this Court has no power over the *res*. See generally Dkt. No. [8]. The Court agrees with this reasoning.

Initially, this action is one that is *quasi in rem*. In Princess Lida of Thurn and Taxis v. Thompson, 305 U.S. 456 (1939), the Supreme Court was asked to determine whether a federal district court could hear a challenge to a Pennsylvania trust in which the plaintiffs had alleged claims seeking an accounting, removal of the trustees, return of the corpus, and "general relief." The Supreme Court found that this action was *in rem* or *quasi in rem*. Id. at 466.

3

Other courts dealing with this issue have relied on Princess Lida to find that actions which primarily sound in tort but are based upon trust mismanagement are also *quasi in rem*. These courts have found that when a party alleges claims such as breach of fiduciary duty or negligence which arise out of the trust, the resolution of the suit "would require the court to construe the trust and define its duties, obligations and responsibilities of Trustees" which necessarily involves litigating the *res*. Straus v. Straus, 987 F. Supp. 52, 55 (D. Mass. 1997) (internal quotations omitted) (quoting Cassidy v. Pitts, 995 F.2d 1009, 1011 (10th Cir. 1993)); see also Brayton v. Boston Safe Deposit & Trust Co., 937 F. Supp. 150, 152 (D.R.I. 1996) (finding that an action to remove the trustee and for damages relating to mismanagement related to the trust's "administration" and was thus *quasi in rem*). As Plaintiffs' themselves state, the gravamen of their complaint is that "Defendants used the Trust assets as the golden-egg-laying-goose that generated millions of dollars in fees and charges for them and their companies over the years. Defendants employed a scheme and artifice to perpetuate their control over the Trust, to deny Plaintiffs their interests in the Trust, to hide their looting of the Trust, and to cover their tracks along the way"–i.e., Defendants mismanaged the trust in violation of

4

their fiduciary obligations. Dkt. No. [13] at 5. Therefore, the Court initially finds that this action is *quasi in rem* in nature as it relates to trust mismanagement.

Next, this Court finds that because the trust is *quasi in rem* and the corpus does not reside here, this Court does not have jurisdiction over the *res*. In Hanson v. Denckla, 357 U.S. 235 (1958), the Supreme Court was called upon to determine, *inter alia*, whether Florida courts had properly asserted jurisdiction over a Delaware trust which was formed while the settlor lived in Pennsylvania. Prior to the litigation, the settlor moved to Florida. The Court first held that "physical presence" is the hallmark of *in rem*-based jurisdiction but noted that this question is more difficult with intangible assets such as the trust in question. But, the Court reasoned, because the corpus did not reside in Florida it was evident that the situs could not have been in Florida. Id. at 247. Moreover, the Court held that "the fact that the owner is or was domiciled within the forum State is not a sufficient affiliation with the property upon which to base jurisdiction in rem." Id. at 249. Thus, the Court declined to find that Florida had obtained *in rem* jurisdiction over the trust.

5

Similarly here, the only fact which connects this dispute to Georgia is that some of the beneficiaries reside here. The trust is managed in Wisconsin and has always been managed in Wisconsin. Moreover, the corpus is clearly not in Georgia–whether it is in Delaware or Wisconsin is inconsequential to this Court's inquiry. Ultimately, this Court does not have jurisdiction over the matter and Defendants' Motion to Dismiss [8] is **GRANTED**.[1]

To rebut Defendants' argument, Plaintiffs assert that this action is governed by Marshall v. Marshall, 547 U.S. 293 (2006). In Marshall, the Supreme Court found that under the "probate exception" to federal subject matter jurisdiction, a federal court can exercise jurisdiction over the same *res* as a state probate court so long as the federal court does not "interfere with the probate proceedings." Id. at 310. However, it is unclear how this case is relevant. First, this is not a probate action. Second, that rule does not logically connect to this controversy. Federal courts do not have a "trust exception" which is similar to the federal probate exception or domestic relations exception–federal courts do not abstain on trusts as a matter of course. Rather,

---

[1]Because this Court has dismissed the action because it lacks *quasi in rem* jurisdiction, the Court declines at this time to decide whether it also lacks personal jurisdiction or whether the Defendants were properly served.

6

the question here is whether this Georgia court, because this suit requires litigating the *res* itself, has the power to litigate issues which directly affect Wisconsin or Delaware property without having that property present within its territorial jurisdiction. Plaintiffs have provided no authority which counters or even challenges that premise. Moreover, the court notes that the issue here is not whether a state court or a federal court is appropriate to resolve the issue. The issue is whether a Georgia court or a Wisconsin/Delaware court is the proper judge. As this Georgia court does not have power over the corpus, jurisdiction is not proper before this Court.

## Conclusion

The Parties' Motion for a Hearing [24] is **DENIED**. Defendants' Motion to Dismiss [8] is **GRANTED**. As a result, Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction [15] and Defendants' Motion to Stay Discovery [17] are rendered **MOOT**. The Clerk is directed to close this case.

**SO ORDERED** this  22nd  day of December, 2011.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)